UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEXAS INTERNATIONAL, LTD.** § | | |
| § | | |
| **Plaintiff,** § | Civil Action No.: 3-07CV0296-L | |
| § | ECF | |
| **v.** § | | |
| § | | |
| **SAUNDERS MFG. CO., INC.** § | | |
| § | | |
| **Defendant.** § | | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

In reply to Dexas' opposition to Defendant Saunders Mfg. Co., Inc. motion for partial summary judgment, Saunders would show as follows:

Dexas Cannot Establish Damages

Dexas does not dispute it did not identify any damages, or a calculation thereof, in its Initial Disclosures under Rule 26(a)(1), but deferred disclosure to a future expert report. Dexas likewise doe not dispute that it provided no damages information when asked during discovery in interrogatories, and the same when asked at a properly noticed Rule 30(b)(6) deposition on the topic of any damages it claimed. Further, Dexas does not dispute that it provided no expert report regarding damages during discovery[1]. Dexas does not dispute it

---

[1] Dexas did provide an expert report on August 14, 2008, and amended Initial Disclosures, and amended interrogatory answers on August 25, 2008, six weeks or more following the close of discovery, and nine (9) months after the date set in the Scheduling Order to designate experts, allowing no discovery by Saunders. Dexas has a pending motion for leave to designate its damages expert, and that motion has been opposed by Saunders. The opposition points out that financial information had been provided to Dexas when requested in discovery, and as early as January 2008, long before the close of discovery, and long before August 2008. Having not provided any damages calculation during discovery, Dexas cannot use such information in response to Saunders' motion for summary judgment or at trial.

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 1**

never provided any damages calculation during discovery, despite Saunders providing all requested income, cost, and profit information in documentary form, as well as witness testimony. Rule 37 is clear that Dexas cannot use any damages calculation in a motion or at trial, and therefore Dexas should not be allowed to seek damages in this case.

Dexas' principal argument, apart from attempting to supplement its showing with an improper expert report, is to rely on Saunders' testimony pertaining to "profits." It is not relevant that Saunders testified as to what it thought its profits were, as that was not in accordance with the design patent rules in calculating damages. First, there is no determination as to the damages period as no notice regarding infringement was set, for example. Second, the testimony pertains to internal accounting assessments, not design patent damages. Finally, Dexas was specific that they were relying on an expert, rather than Saunders' own calculations throughout discovery and as indicated in their Rule 26 and in interrogatory responses served during discovery.

Dexas Does Not Have Standing

Dexas makes reference to a license form Mr. Shamoon to Dexas to support its standing. However, the courts have been very specific in the requirements for standing under a license.

> "The patentee or his assigns may, by instrument in writing, assign, grant and convey, either 1st the whole patent, comprising the exclusive right to make, use, and vend [and offer for sale and import into the United States][2] the invention throughout the United States; or 2nd, and undivided part or share of that exclusive right; or 3rd, the exclusive right under the patent within and throughout a specific part of the United States. … Any license or transfer,

---

[2] The *Waterman* case was decided in 1891. Since that time, the patent statues have been amended to include the rights of offering for sale and importing into the United States.

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 2**

short of one of these, is a mere license, giving the licensee no title in the patent and no right to sue at law in his own name for infringement."

*Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)(citations omitted). The license from Mr. Shamoom to Dexas conveyed the exclusive right to only "manufacture and distribute," not the rights required under the patent statues, and retained the right in Mr. Shamoon to, at least, offer for sale and import into the United States. Thus, it does not fall in any one of the three categories that constitute a sufficient basis for standing.

No other intent could be read into the words of the license, and Dexas offered no other intent. The very purpose of standing in the patent statutes is to protect the accused infringer from being subject to multiple suits. In this situation, because the license does not convey the required rights, Saunders would be subject to suit by Mr. Shamoon for the importation of the products, and be subject to multiple damages as well. A close reading of the alleged license simply does not convey the required rights to Dexas to have standing to maintain this suit.

Simply put, Dexas is neither an assignee of the patent, nor an exclusive licensee sufficient to confer standing. The license is in essence a non-exclusive license and thus does not provide sufficient standing in Dexas to be a plaintiff, even if Mr. Shamoon were to be added as a co-plaintiff.

Further, the three patens in suit each list Mr. Ellis Shamoon as the named inventor. Dexas provided no rebuttal that substituting Mr. Shamoon as a named plaintiff at this late date after the close of discovery is prejudicial to Saunders, as it would impact Saunders' claims in this case, as well as its defenses, not allowing sufficient discovery to properly defend itself. Accordingly, the plaintiff has no standing, and this case should be dismissed.

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 3**

Dexas Has Mis-Marked Its Product

Dexas does not refute that the products have been mis-marked. Dexas only asserts that Saunders cannot prove the requisite intent. Intent, however, can, and has been established by the very fact of marking a product with an improper patent number, a patent that has nothing whatsoever to do with the product. The intent is clear – to extent the patent's exclusive rights, to ward off competition, to convince the public that the product is covered and protected by a patent when it is indeed not. Dexas put in no affidavit or declaration rebutting intent to deceive. It is undisputed that the product and patent have no relationship to each other, and therefore such marking is in violation of 35 U.S.C. §282

The Claims Are Not infringed

Dexas complains that Saunders has offered a claim construction issued by the Eastern District in a related case. Saunders, however, has submitted a motion for claim construction and set forth what it believes to be a proper claim construction. Dexas' opposition to that motion set forth no claim construction except to refer to the drawings. Accordingly, Saunders' proposed claim construction should be adopted by the court. For additional guidance, Saunders has notified the court of the brother court's claim construction. Regardless, Saunders recognizes that this court is to provide a claim construction, and in connection with determining a motion for claim construction is an appropriate time to do so. Under any appropriate claim construction, however, Saunders' products do not include each and every element of any claim, and therefore do not infringe. Regardless of a "points of novelty" test, Saunders set out in its opening brief that under any claim construction,

Saunders' products do not include design elements in the claims, such that no ordinary observer, no reasonable juror, could conclude infringement.

For the foregoing reasons, Saunders is entitled to summary judgment that Dexas cannot establish damages, that Dexas does not have standing to maintain this suit, that Dexas has violated the patent marking statue, and that each of the asserted patents in not infringed.

Dated:  September 8, 2008

        Respectfully submitted,

        /s Robert M. Mason/

| | |
|---|---|
| James D. Petruzzi | Robert M. Mason |
| Texas Bar No. 15853280 | Texas Bar No. 13158240 |
| MASON & PETRUZZI | MASON & PETRUZZI |
| 4900 Woodway, Suite 745 | 13601 Preston Rd., 402W |
| Houston, Texas 77056 | Dallas, Texas  75240 |
| Tel:  (713) 840-9993 | Tel.:  (972) 788-1500 |
| Fax:  (713) 877-9100 | Fax:  (972) 788-1561 |

*Of counsel:*
Alyssa Ann Finamore, Esq.
Ralph A. Dowell, Esq.
DOWELL & DOWELL, P.C.
2111 Eisenhower Ave., Ste., 406
Alexandria, VA   22314
Tel.:  (703) 415-2555
Fax.:  (703) 415-2559

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2008 I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

        /s Robert M. Mason
        Robert M. Mason