IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEXAS INTERNATIONAL, LTD., § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | CIVIL ACTION NO. 3:07-CV-0296-O |
| v. § | |
| § | |
| SAUNDERS MFG. CO., INC., § | |
| § | |
| Defendant/Counter-Plaintiff. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion for Partial Summary Judgment ("Mot."); Brief in Support of Defendant's Motion for Partial Summary Judgment ("Br."); Plaintiff Dexas International, Ltd.'s Response to Defendant's Motion for Partial Summary Judgment and Brief in Support ("Resp."); Appendix in Support of Plaintiff Dexas International, Ltd.'s Response to Defendant's Motion for Partial Summary Judgment ("Dexas App."); and Reply Brief in Support of Defendant's Motion for Partial Summary Judgment ("Reply"). Having review the pleadings, evidence, and the applicable law, the Court finds that Defendant's motion for partial summary judgment should be and is hereby DENIED.

**I. BACKGROUND**

This suit involves design patent infringement claims. On February 14, 2007, Plaintiff Dexas International, Ltd. filed suit against Defendant Saunders Manufacturing Company, Inc. alleging three counts of design patent infringement. (Compl. at 2-3). Specifically, Plaintiff pleads that Defendants products infringe upon Patent No. 475,478 for an ornamental design entitled "Clipcase;" Patent No. 474,599 for an ornamental design entitled "Slim Case;" and Patent No. 510,399 for an

1

ornamental design entitled "Document Case." (Collectively referred to as "patents-in-suit"). Plaintiff seeks compensatory damages, exemplary damages, injunctive relief, attorney's fees, and pre-judgment and post judgment interest. (Compl. at 4). On April 16, 2007, Defendant filed its answer to Plaintiff's original complaint and counterclaims alleging claims for declaratory relief, patent marking violation, tortious interference with an existing contract, and tortious interference with prospective relations. (Answer at 3-5). Defendant/Counter-Plaintiff seeks a declaration that the patents-in-suit are invalid, void, unenforceable, and that its products do not infringe the patents-in-suit, as well as attorney's fees and costs. (Answer at 5-6).

Defendant now seeks partial summary judgment on all of Plaintiff's infringement claims, and on its counterclaim for patent marking violation. (Mot. at 1, Br. at 1). Specifically, Defendant moves for summary judgment on the grounds that Plaintiff (1) lacks standing to maintain this suit, (2) cannot establish damages, and (3) Defendant does not infringe on any of the patents. Additionally, Defendant moves for summary judgment on its claim of patent marking violation on the grounds that Plaintiff has incorrectly marked its product entitled Slim Case with an erroneous patent number in violation of 35 U.S.C. § 282. (Br. at 1). Plaintiff has filed a responsive brief with a supporting appendix and asks the Court to deny Defendant's motion for summary judgment. These issues are now ripe for decision.

## II. LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the

evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "[T]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Id.* (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

3

## III. ANALYSIS

**A.     <u>Standing</u>**

Standing is a jurisdictional issue that the Court must address before it addresses the merits of the claims in the action. *Sicom Sys. Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). "The party bringing the action bears the burden of establishing that it has standing." *Id.*

As previously noted, Defendant moves the Court to grant summary judgment on the grounds that Plaintiff lacks standing to maintain its suit because it is not the named inventor, nor assignee, nor a licensee with sufficient rights to sue on the patents-in-suit. (Mot. at 1, Br. at 1). Plaintiff counters that the Patent License between Ellis Shamoon and itself is an exclusive license that expressly grants it the rights to sue on the patents-in-suit. (Resp. at 11-14).

In a patent infringement suit, standing is derived from the Patent Act, which states: "[a] patentee shall have a remedy by civil action for infringement of his patent." 35 U.S.C. § 281. The term "patentee" is expressly defined as both the person to whom the patent issued and any successors in title. *Id.* § 100(d). When a patentee assigns the patent, the transferee is considered the "patentee" under § 281 and is possessed with the right to sue infringers of the patent. *Sicom Sys.*, 427 F.3d at 976. Additionally, an exclusive licensee may also have standing to sue infringers of the patent when the licensee holds "all substantial rights" in the patent. *Id.* "An exclusive license is 'a license to practice the invention . . . accompanied by the patent owner's promise that others shall be excluded from practicing it within the field of use wherein the licensee is given leave.'" *Textile Productions, Inc. v. Mead Corp.*, 134 F.3d 1481, 1484 (Fed. Cir. 1998) (quoting *Western Elec. Co. v. Pacent Reproducer Corp.*, 42 F.2d 116, 118 (2nd Cir. 1930)). The Federal Circuit Court "has defined 'all substantial rights' as those rights sufficient for the licensee or assignee to be 'deemed

the effective patentee under 35 U.S.C. § 281.'" *Sicom Sys.*, 427 F.3d at 976 (citation omitted).

A district court should review the license agreement and ascertain the intent of the parties from the context of what the license agreement conveys in order to determine whether "all substantial rights" in the patent have been transferred and are sufficient to vest the licensee with standing to sue. *Id.* The court looks particularly at whether the licensee was granted the full right to make, use, or sell the patent when deciding whether "all substantial rights" have been conferred to the licensee. *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000). Additionally, the court examines the license agreement to determine what rights, if any, are retained by the grantor. *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1132-33 (Fed. Cir. 1995) (determining that a licensee had less than all substantial rights in a patent because the patent owner retained the right to initiate suit and the right to prevent the licensee from assigning its rights). However, if the court finds an exclusive licensee is not vested with "all substantial rights," he lacks standing to sue third parties without joining the patentee.[1] *Mentor H/S Inc. v. Medical Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001). Additionally, a licensee lacks standing when the license agreement is non-exclusive or "bare." *Intellectual Prop. Dev. Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001). In sum, to determine if Plaintiff has standing to sue in this action, the Court must address two questions: (1) whether Plaintiff is an exclusive licensee; and (2) whether Plaintiff possesses "all substantial rights" in the patents-in-suit.

---

[1] An exception to this rule exists: "an exclusive licensee that does not have all substantial rights does have standing to sue in its own name when 'necessary to prevent an absolute failure of justice, as where the patentee is the infringer, and cannot sue himself.' " *Textile Productions, Inc.*, 134 F.3d at 1484 (citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891)).

1. **Exclusive licensee**

Under circuit law, the party asserting it has "all substantial rights" must come forward with the "written instrument documenting the transfer of proprietary rights." *Speedplay Inc. v. Bebop Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000). Here, Plaintiff has submitted a copy of a Patent License between Ellis N. Shamoon (owner of the patents-in-suit) and Plaintiff Dexas International Ltd. (Dexas App. at 289). The agreement is a relatively brief document consisting of seven numbered and titled paragraphs. This agreement vests Plaintiff with the sole rights to manufacture, distribute, and enforce the patents-in-suit in exchange for quarterly payments of royalties. (*Id.* at ¶¶2, 4). In fact, the agreement expressly states that Plaintiff is granted an "exclusive license" to manufacture and distribute products under the patents-in-suit, and all rights to sue for past and future infringement of the patents-in-suit. The explicit language is evidence of the patentee's (Mr. Shamoon's) intent to assign proprietary rights from the "patentee's bundle of rights." *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991) (A patent is "a bundle of rights which may be divided and assigned, or retained in whole or in part."); *see also Ortho Pharm. Corp. v. Genetics Inst. Inc.*, 52 F.3d 1026, 1032 (Fed. Cir. 1995) (recognizing an exclusive licensee is a beneficial owner of some identifiable part of the patentee's bundle of rights). The Court finds that Plaintiff qualifies as an exclusive licensee. Accordingly, as an exclusive licensee, Plaintiff's standing to sue depends upon whether it possesses "all substantial rights" in the patents-in-suit.

2. **All substantial rights**

Defendant contends that Plaintiff does not possess all substantial rights sufficient to confer standing to sue on its own because the license conveyed only the right to "manufacture and

distribute." (Reply at 3). Plaintiff argues it possesses all substantial rights because the license agreement vested it with the "right to sue for past and future infringement." (Resp. at 13).

The law is well-settled that a "right-to-sue" clause in an agreement without the concurrent transfer of other incidents of ownership does not constitute an assignment of "all substantial rights" that allows the licensee to sue in its own name. *Indep. Wireless Tel. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 474-75 (1926); *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 35-36 (1923); *Textile Productions Inc.*, 134 F.3d at 1485; *Ortho Pharm. Corp.*, 52 F.3d at 1034. Stated differently, an exclusive licensee's standing turns on whether sufficient rights have been assigned. *See Intellectual Prop. Dev. Inc.*, 248 F.3d at 1344. To answer this inquiry the Court looks at the rights that have been conveyed, most importantly, the right to exclude, right to alienation, and right to sue. *Pfizer, Inc. v. Elan Pharm. Research Corp.*, 812 F. Supp. 1352, 1372 (D. Del. 1993); *see also InternetAd Sys., LLC, v. Opodo Ltd.*, 481 F. Supp. 2d 596, 605-09 (N.D. Tex. 2007). The Federal Circuit had addressed each of these factors under facts similar to the case before this Court, and those decisions guide the analysis here.

In *Vaupel*, the Federal Circuit found that plaintiff had standing because it was assigned the right to sue for past, present, and future infringements of the patent subject only to the duty to inform the patent holder of its intent to sue. Further, most of the standing cases decided by the Federal Circuit have involved exclusive licensees who possessed the right to "make, use, and sell" the licensed patents, which is essentially the right to exclude others from practicing the patent. *Prima Tek II*, 222 F.3d at 1379-80. For example, in *Speedplay*, the licensee had the right to "manufacture, have manufactured, distribute, market, use, and sell" the patent in question. 211 F.3d at 1251. In holding that the licensee possessed "all substantial rights," and therefore had standing to sue in its

own name, the circuit court focused on the Contribution and License Agreement, which failed to reserve any usage rights for the owner. *Id.* Finally, a licensee's right to sublicense (*i.e.*, right to transfer or alienation) is also an important factor in evaluating whether a license agreement transfers "all substantial rights." *See Prima Tek II*, 222 F.3d at 1380. Its significance is underscored by the circuit court's holding that "[b]ecause [the licensee's] rights under the agreement are significantly diminished by the sub-license requirement . . . we conclude that the agreement does not transfer 'all substantial rights' in the patents to [the licensee]." *Id.*

Here, the license agreement expressly grants Plaintiff "all right to sue for past and future infringement of the" patents-in-suit. (Dexas App. at 289). Notably, the agreement does not limit Plaintiff's right to sue in any manner and the patentee (Mr. Shamoon) did not retain any right to sue if Plaintiff does not do so. Accordingly, none of the limitations that led the Federal Circuit to conclude that plaintiff possessed fewer than "all substantial rights" in *Intellectual Prop. Dev. Inc.*[2] are present here. Further, the license agreement grants Plaintiff an "exclusive license to manufacture and distribute products under" the patents-in-suit. (Dexas App. at 289). The patentee retained no rights to use the patents-in-suit in any manner whatsoever. Plaintiff has essentially been granted the right to exclude others from practicing the patents-in-suit. Accordingly, the broad conveyance of the right to manufacture and distribute with absolutely no retention of any right by the patentee weighs in favor of a finding that Plaintiff possesses "all substantial rights" in the patents-in-suit.

Finally, in reviewing the last factor, the Court finds that the license agreement denied the licensee (Plaintiff) a right to sublicense without the owner's consent. (Dexas App. at 289). The agreement is silent with respect to how the licensee can obtain consent and thus indicates the

---

[2] 248 F.3d at 1345.

owner's right to withhold consent is unilateral and unfettered. In *Vaupel*, the Federal Circuit considered whether the patentee's rights to veto any sublicense materially impaired the licensee's rights such that the licensee would lack standing. The circuit court noted the sublicensing veto "was a minor derogation from the grant of rights." 994 F.2d at 875. Similarly, the Court finds that the patentee's retention of the right to veto sublicensing is not a significant detraction from the grant of rights.[3]

In sum, Plaintiff is an exclusive licensee with the unlimited right to manufacture and distribute products under the patents-in-suit, while the patentee holds no such rights. Plaintiff also controls the right to sue for the infringement of the patents-in-suit with no obligations to the patentee. Accordingly, because Plaintiff possesses "all substantial rights" in the patents-in-suit, it has standing to bring this suit for patent infringement independently against Defendant. Defendant's motion for summary judgment on this ground is hereby DENIED.

**B.    False Marking**

Defendant seeks summary judgment on its claim that Plaintiff violated 35 U.S.C. § 282 by marking its SlimCase product with an incorrect patent number. (Br. at 3). Plaintiff argues that summary judgment should be denied because Defendant has failed to bear its burden of proof. (Resp. at 14).

Under Rule 56 of the Federal Rules of Civil Procedure, a party can establish it is entitled to summary judgment by showing that the pleadings, depositions, answers to interrogatories, and

---

[3] In more recent cases, the Federal Circuit has indicated that a restriction of the right to assign is fatal to a finding that a licensee has been granted "all substantial rights." *See Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1191-92 (Fed. Cir. 2007) (citing *Sicom Sys.*, 427 F.3d at 979). However, in the cases finding that restrictions on the right to assign is an indication that not all substantial rights have been conferred, the patentee had also retained rights to use the patent and to consent to suit. *Id.* The facts in this case are more similar to *Vaupel*.

9

admissions in conjunction with affidavits, if any, establish that there are no genuine issues of material fact. FED. R. CIV. P. 56(c). If the moving party does not bear the burden of proof at trial, then they can point to an absence of evidence on an essential element of the Plaintiff's claim to satisfy their summary judgment burden. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) If the moving party bears the burden of proof, then it must show that the evidence conclusively establishes each element of its claim and that it is entitled to judgment as a matter of law. *Chaplin v. NationsCredit Corp*., 307 F.3d 368, 372 (5th Cir. 2002).

Here, Defendant pleaded a violation of 35 U.S.C. § 282 as a counterclaim against Plaintiff. Doc. No. 7 (3:07-CV-0296-O) (N.D. Tex. Apr. 16, 2007). Defendant therefore bears the burden of proof on this claim at trial. Because Defendant moves for summary judgment on its own claim, it must conclusively establish "beyond peradventure *all* the essential elements of the claim." *Fontenot*, 780 F.2d at 1194. Defendant has failed to satisfy its burden. Defendant has not briefed the applicable elements it must prove at trial in order to prevail on this claim. Defendant has not brought forth any evidence conclusively establishing that Plaintiff violated 35 U.S.C. § 282 by mis-marking its product. Accordingly, Defendant's motion for summary judgment on this ground is hereby DENIED.

**C.** **Damages**

Next, Defendant moves for summary judgment on the grounds that Plaintiff cannot introduce any evidence of damages because it failed to identify its damages in its Rule 26(a)(1) disclosures, answers to interrogatories, Rule 30(b)(6) witness deposition, and failed to provide an expert report. (Br. at 2). Plaintiff responds that it has properly pleaded its measure of damages and that any delay in providing its damage calculation is solely attributable to Defendant's delay in providing relevant

financial documents. (Resp. at 4-11).

The crux of Defendant's argument is that Plaintiff's evidence on damages is precluded by Rule 37 of the Federal Rules of Civil Procedure because Plaintiff failed to comply with Rule 26. (Reply at 2). Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) contains express exceptions that allow admission of the evidence when the party's failure to disclose the required information is substantially justified or harmless. *Id.* A district court considers four factors when determining if a violation of Rule 26(a) is harmless: (1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party by allowing the witness(es) to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The Court has broad discretion in deciding whether a violation of Rule 26(a) is substantially justified or harmless. *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998).

Here, neither of the parties have briefed whether the violation of Rule 26(a), if any, is harmless or substantially justified. Nonetheless, the Court finds that this issue need not be addressed in the context of Defendant's motion for summary judgment. Plaintiff has come forward with evidence showing that Defendant's own witnesses will offer relevant testimony regarding Plaintiff's damages. (Dexas App. at 171-173, 181-182, 190-231, 232-258). Thus, the Court finds there are genuine issues of material fact regarding whether Plaintiff can establish its damages. Accordingly, Defendant's motion for summary judgment on this ground is DENIED.

### D. Infringement

Finally, Defendant moves for summary judgment on Plaintiff's claims of infringement arguing that its products do not infringe on the patents-in-suit. (Br. at 3-8; Reply at 4). Plaintiff argues that the Court must deny Defendant's motion on this ground because the it is premature and the question of infringement is an issue of fact. (Resp. at 19). The Court agrees.

Before a court can resolve whether a design patent has been infringed, it must first construe the patent claim (*i.e.*, claims construction) and then compare the construed claim to the infringing product. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). Here, the Court has yet to hold a *Markman*[4] hearing to construe the patents-in-suit. In fact, Defendant concedes that its motion for claim construction remains pending. (Br. at 3); *see also* Doc. No. 25 (3:07-CV-0296-O) (N.D. Tex. Nov. 9, 2007). While Defendant has proffered a claim construction determined by a district court in the Eastern District of Texas, it has not provided any legal authority holding that this court must apply the Eastern District court's claim construction to the patents-in-suit in this case. The Court finds that Defendant's motion for summary judgment on the claims of infringement is premature. Further, federal courts have consistently held that questions of infringement generally present issues of fact to be resolved at trial. *Newell Companies, Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 776-77 (Fed. Cir. 1988); *Reynolds-Sw. Corp. v. Dresser Indus., Inc.*, 372 F.2d 592, 595 (5th Cir. 1967)  It is axiomatic that issues of fact cannot be resolved by motion for summary judgment. Accordingly, Defendant motion for summary judgment is DENIED on this ground.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment (Doc. #80)

---

[4] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995).

is DENIED in its entirety.

**SO ORDERED** on this 7th day of October 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**